CITY ICE & FUEL CO v KARLINSKY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9804. Decided April 22, 1929

White, Cannon & Speith, Cleveland, for Ice & Fuel Co.

Thomas Long and Cerrezin & Wilson, all of Cleveland, for Karlinsky.

**VICKERY, PJ.**

We think the question in this case is whether this man received his injury while in the course of his employment. Now upon that there can be but one answer, and that is he was employed to deliver coal for the plaintiff in error company, and was returning with their team and wagon from delivering coal when this accident occurred. Whether that injury resulted in his death might be questionable, but that he received an injury in the course of his employment, there can be but one answer, and that to the effect that he did receive such an injury and even though he was intoxicated, it would not make him any the less an employee of the company, nor would it make him any the less entitled to compensation.

We do not understand that if a person is seeking compensation, he is debarred because of his own negligence. We do not understand that the law in Ohio anywhere says that if a man is intoxicated when he is working for another and is injured, he cannot recover compensation.

We think that the record shows that this man died from the injuries that were received while he was in the course of his employment and that the defendant in error was a dependent and filed her claim in the proper manner, and that being refused, a proper appeal was taken to the Common Pleas Court and the case was properly tried and we can see no error in the judgment rendered.

The judgment of the court below will, therefore, be affirmed.

Sullivan and Levine, JJ, concur.